IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES KELVIN COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-06-1415-HE |
| v. ) | |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts a challenge to the following convictions: Possession of Controlled Dangerous Substance entered against him in the District Court of Garfield County, Case No. CF-2002-553; Larceny of Merchandise from Retailer entered against him in the District Court of Garfield County, Case No. CF-2003-373; Eluding a Peace Officer and Knowingly Receiving Stolen Property entered against him in the District Court of Garfield County, Case No. CF-2003-551; and Larceny of Merchandise from Retailer entered against him in the District Court of Garfield County, Case No. CF-2004-146.  Petitioner states that he is serving sentences of ten years, ten years, one year, ten

years, and ten years, respectively, for these convictions. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed as untimely.

The undersigned entered an Order on February 20, 2007, following a preliminary review of the Petition, in which the undersigned directed Petitioner to show cause why the Petition should not be dismissed on the ground that it is time-barred by operation of 28 U.S.C. § 2244(d). Petitioner requested and was granted one extension of time to respond to the show cause Order. However, to this date, Petitioner has failed to respond to the show cause Order and the time given Petitioner to respond has expired.

According to Petitioner's statements in the Petition filed December 21, 2006, Petitioner entered pleas of guilty to the charges against him in the above-described criminal matters and was convicted of the charges and sentenced on March 10, 2005. Petitioner did not move to withdraw the pleas within ten days of the entry of the judgments of conviction or otherwise appeal the convictions. He filed a post-conviction application in the district court on May 18, 2006, in which he sought leave to withdraw the pleas out of time. The post-conviction application was denied by the district court on June 30, 2006. Petition, at 6-7; Petition, Ex. A (State of Oklahoma v. James Kelvin Cooper, Nos. CF-02-553, CF-03-08, CF-03-373, CF-03-511, CF-04-212, CF-03-399, CF-03-649, CF-03-831, Order Denying Petitioner's Application for Post-Conviction Relief, June 30, 2006). The Oklahoma Court

of Criminal Appeals (OCCA") affirmed the denial of post-conviction relief on October 3, 2006. Petition, at 7; Petition, Ex. B (James Kelvin Cooper v. State of Oklahoma, No. PC-2006-805 (Order Affirming Denial of Post Conviction Relief, October 3, 2006). The OCCA affirmed the district court's denial of Petitioner's post-conviction application on the ground that Petitioner's failure to timely appeal his convictions and failure to show that he was denied an appeal through no fault of his own procedurally barred him from obtaining post-conviction review of the merits of his claims.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28

U.S.C. §2244(d)(2). Additionally, the one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

Petitioner pled guilty and was convicted in the previously-described criminal cases on March 10, 2005. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on March 20, 2005, ten days after the pronouncement of the judgment and sentence in each case. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period applicable to the Petitioner's filing of a federal habeas petition expired one year later, on March 20, 2006, absent the application of statutory or equitable tolling exceptions. Petitioner's post-conviction application did not toll the limitation period because it was filed on May 18, 2006, after the limitation period had expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

In order to justify equitable tolling, the habeas petitioner must show (1) extraordinary circumstances and (2) diligent pursuit of his federal claims. Miller, 141 F.3d at 978. Accord, Fisher, 262 F.3d at 1143. In Miller, the circuit court contemplated that extraordinary circumstances such as "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent" may warrant the application of equitable tolling. Miller, 141 F.3d at 978. Additionally, the circuit court has recognized that equitable tolling may be appropriate when, for instance, "a prisoner is actually innocent" or "when an

adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," but that equitable tolling is not appropriate under circumstances showing "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Section 2244(d)(1) also "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808.

Although Petitioner was given the opportunity to respond to the show cause Order to address the equitable tolling issue, Petitioner has failed to respond within the allotted time period, and he has not shown extraordinary circumstances such that the application of equitable tolling principles are appropriate herein. Nor has Petitioner shown diligent pursuit of his federal claims. Consequently, the Petition should be dismissed on the ground that it is not timely filed pursuant to 28 U.S.C. § 2244(d)(1).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     April 23rd     , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

Case 5:06-cv-01415-HE    Document 13    Filed 03/30/07    Page 6 of 6

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___March___, 2007.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

6