## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KELVIN COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-06-1415-HE |
| | ) | |
| JUSTIN JONES, Director | ) | |
| | ) | |
| Respondent. | ) | |

### **ORDER**

Petitioner James Kelvin Cooper, a state prisoner appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). The magistrate judge concluded that the limitations period expired on March 10, 2005, and is not subject to statutory or equitable tolling.

After the petition was filed the magistrate judge issued an order directing the petitioner to show cause why his claims were not time-barred. He notes in his Report and Recommendation that the petitioner failed to respond to the show cause order. The petitioner did, however, prepare and mail a response, but it was sent by mistake to the Northern District of Oklahoma. The petitioner attached the response to his objection to the Report and Recommendation and the court has considered it while conducting its de

novo review.¹

In his objection the petitioner claims that the limitations period should be equitably tolled because he "does contend, for example, that a constitutional violation has resulted in the conviction of one who is actually innocent." Objection, Exhibit C, p.1. He then refers to his affidavit in which he states he was unaware he had plead guilty to shoplifting until he received a Report and Recommendation issued by Magistrate Judge Roberts in another civil action he had filed.² Objection, Exhibit C, Affidavit.

Magistrate Judge Roberts issued her Report and Recommendation on December 30, 2005, but the petitioner waited until May 18, 2006 to seek post-conviction relief and did not file his habeas petition until December 21, 2006, almost a year later. "To equitably toll the AEDPA statute of limitations, however, claims of actual innocence must be diligently pursued." Gutianez v. Parker, No. 06-6311, 2007 WL 1696879, at * 3 (10th Cir. June 13, 2007),³ citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998).⁴

The petitioner also attempts to avoid the statutory bar by claiming the plea papers

---

¹*The petitioner's failure to respond was not, however, the basis for the magistrate judge's recommendation that the petition be dismissed. Instead, he concluded the petition is barred by the one year limitations period set by 28 U.S.C. § 2244(d)(1).*

²*The Report and Recommendation states that the petitioner "entered guilty pleas in Garfield County Case No. 03-831 to one count of larceny of merchandise from a retailer...." Cooper v. Doe, No. CIV-05-522-F (W.D.Okla. December 30, 2005) (Report and Recommendation, p.1 n.1).*

³*Gutianez is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

⁴*A publically available docket sheet for State v. Cooper, Case No. CM-2003-831, found at www.oscn.net, reflects that on March 10, 2005, the defendant entered a plea of guilty to larceny of merchandise. See Court Minute, Doc. #1001408929.*

for his larceny conviction were faulty. He contends he "became aware through access to a law library and law clerk ... that the Plea of Guilty and Summary of facts form was not properly completed by statutory law," Objection, Exhibit C, Affidavit, p. 2, and that "[t]he record ... clearly indicates petitioner did not have the form filled out when he entered his pleas." Objection, Exhibit C., p.3. The petitioner states that in January, 2006, he wrote the Garfield County Court Clerk to obtain a copy of the guilty plea and summary of facts and transcript, but does not indicate whether the Court Clerk ever responded to his request. However, a docket entry in the petitioner's criminal case,[5] dated March 10, 2005, refers to the summary of facts for the guilty plea and indicates that, pursuant to 12 Okla. Stat. § 39,[6] the summary can be obtained from the Grady County Court Clerk's office.[7] The petitioner provides no other information or evidence substantiating his claim that the plea papers were deficient.

The petitioner's showing, either with respect to his claim of actual innocence or his

---

[5]*See supra note 3.*

[6]*The statute provides:*
*Beginning July 1, 2005, no court clerk shall post on a court-controlled web site any document that contains a charge in Sections 886 and 888 of Title 21 of the Oklahoma Statutes, if the offense involved the detestable and abominable crime against nature with mankind, or a charge in Section 7115 of Title 10 of the Oklahoma Statutes, or Section 644, 741, 843.1, 885, 1021, 1021.2, 1021.3, 1040.13a, 1081, 1085, 1087, 1088, Sections 1111 through 1116 or Section 1123 of Title 21 of the Oklahoma Statutes.*
12 Okla. Stat. § 39 (emphasis added). The defendant was charged by an information that contained three charges. One was larceny of merchandise from a retailer, a violation of 21 Okla. Stat. § 1731. The other two were assault and battery, violations of 21 Okla. Stat. § 644.

[7]Although unclear, it appears the petitioner is asserting that because a factual basis for the plea allegedly was not established, he is innocent of the offense.

claim that the plea papers were deficient, is insufficient to justify equitable tolling. The court concurs with Magistrate Judge Purcell that the statutory year to file has expired and, accordingly, adopts his Report and Recommendation and **DISMISSES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE